IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yan Yang & Bin Li,

    Plaintiffs,

  v.                                      Case No. 2:07-cv-050
                                            JUDGE GRAHAM

Alberto Gonzales, et al.,

    Defendants.

OPINION AND ORDER

    Plaintiffs Yan Yang and Bin Li assert that defendants Department of Homeland Security, the U.S. Citizenship and Immigration Services, and the Federal Bureau of Investigation have delayed and refused to adjudicate Plaintiffs' Forms I-485, Application to Adjust Status to Permanent Resident. They allege that defendants' inaction has deprived them of Lawful Permanent Resident status in the United States. Complaint, ¶2. Yang and Li seek mandamus relief pursuant to 28 U.S.C. §1361, compelling defendants to adjudicate their applications. Additionally, they assert that jurisdiction exists under 8 U.S.C. §1329, jurisdiction of district courts, 28 U.S.C. §1331, federal question, and 5 U.S.C. §704, actions reviewable.

    Mrs. Yang and her husband, Mr. Li, are nationals and citizens of China. On March 17, 2005, Mrs. Yang filed with the U.S. Citizenship and Immigration Services ("USCIS") a Form I-140, Immigration Petition for Alien Worker, based on Individual with Advanced Degree or Exceptional Ability in the National Interest. Complaint, ¶8. USCIS approved the Form I-140 on June 21, 2005. On March 17, 2005, Mrs. Yang also filed a Form I-485, Application to

Adjust Status to Permanent Resident. Complaint, ¶9. Mr. Li concurrently filed a Form I-485 as a derivative beneficiary.

By November 2006, Yang and Li had not received a response to their Forms I-485. On November 3, 2006, they made an appointment with a local Immigration Officer through Infopass to inquire about their case status. Complaint, ¶10. At that time, Yang and Li were informed that their cases were still pending security clearance. Id..

In December 2006, Yang and Li sent a letter to U.S. Senator Mike DeWine and requested him to inquire about the status of their cases with the USCIS. Complaint, ¶11. On December 12, 2006, Senator DeWine responded that Yang and Li's cases were still pending security clearance.

The complaint alleges that Yang and Li's Form I-485 are currently pending at the Nebraska Service Center. Their applications have been pending for more than twenty-two months. Complaint, ¶12, 14.

This matter is before the court on the motion of defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.

2

1994). A facial attack is a challenge to the sufficiency of the complaint, and in considering the motion the court must take the material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. Id. Jones v. City of Lakeland, 175 F.3d 410, 413 (6th Cir. 1999); Ohio National Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Ritchie, 15 F.3d at 598; Moir, 895 F.2d at 269. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003). A Rule 12(b)(1) motion, when accompanied by evidentiary support, is not converted into a motion for summary judgment, and the court is empowered to resolve factual disputes. Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986). The district court has wide discretion to consider affidavits and documents in resolving disputed jurisdictional facts. Ohio National Life Ins., 922 F.2d at 325. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

Defendants expressly state in their motion to dismiss that they are making a facial challenge to the Court's subject matter jurisdiction. See Defs' Mot. to Dismiss, p.6 ("In this case, the

3

Defendants motion to dismiss presents a facial challenge to the Court's subject matter jurisdiction"). However, while asserting a facial challenge, defendants improperly attach a declaration of a USCIS director and printed materials from the USCIS and the FBI. Because defendants are asserting a facial attack on subject matter jurisdiction, the Court may not consider such evidence.

Moreover, the defendants have incorrectly relied upon 8 U.S.C. §1447, the naturalization statute. Defendants' sole argument is that the Court does not have jurisdiction under §1447(b), whereby a district court may review naturalization applications if the USCIS fails to act 120 days after the applicant's examination. However, the plaintiffs' case deals with 8 U.S.C. §1255, adjustment of status, and not the naturalization statute, 8 U.S.C. 1447. The complaint makes clear that Yang and Li applied for adjustment of status; nowhere does their complaint request review of a naturalization application. Thus, defendants' argument under 8 U.S.C. §1447 misses the mark.

The complaint is sufficient to overcome a facial challenge to the Court's subject matter jurisdiction. Yang and Li allege that their I-485 Applications for Adjustment of Status have been pending in excess of twenty-two months. They further allege that defendants normally process I-485 Applications within six months and that a twenty-two month processing time is unreasonable. The complaint invokes the Court's jurisdiction under 28 U.S.C. §1361 for mandamus instructing defendants to perform their duty to process the applications.

In accordance with the foregoing, defendants' April 11, 2007, motion to dismiss for lack of subject matter jurisdiction (doc. 6) is denied.

4

It is so ORDERED.

                                                s/James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE:  June 11, 2007